UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BEN WHITLEY,

          Plaintiff,

vs.                              Case No.   2:04-CV-378-FtM-33DNF

FIREMAN'S FUND INSURANCE COMPANY,

          Defendant.

_____

**ORDER**

This matter comes before the Court on the Defendant's Motion to Dismiss Count II and Count III of Plaintiff's First Amended Complaint (Doc. #28) filed on November 1, 2004.  The Plaintiff filed a Memorandum in Opposition to Defendant's Motion to Dismiss Count II and Count III of Plaintiff's First Amended Complaint (Doc. #34) on November 11, 2004.

In its Motion to Dismiss Count II and Count III of Plaintiff's First Amended Complaint, Fireman's Fund claims that Counts II and III should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. (Doc. #28 at 1.) Counts II and III of the First Amended Complaint relate to §627.4137 of Florida Statutes, which sets forth various instances in which insurers are required to disclose certain information.  (Doc. #26 at 5-6.)  In Count II, Whitley seeks declaratory relief to clarify his rights and Fireman Fund's duties under §627.4137, and in Count III Whitley

requests the Court order Fireman's Fund to comply with its duties under §627.4137 to provide certain information to Whitley (Doc. #26 at 5-6.)

## I.   Standard of Review

In deciding a motion to dismiss, the Court accepts the facts of the complaint as true and views them in the light most favorable to the non-moving party. See Magluta v. Samples, 375 F.3d 1269, 1273 (11th Cir. 2004)(citing Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998)). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 75 Acres, LLC v. v. Miami-Dade County, Fla., 338 F.3d 1288, 1293 (11th Cir. 2003)(citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Generally, the issue in a 12(b)(6) motion is not whether the plaintiff will ultimately prevail on his claim, but rather, whether the allegations contained in the complaint will be sufficient to allow discovery as to their proof. Jackam v. Hosp. Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579-80 (11th Cir. 1986).

Where a complaint seeks declaratory relief, however, the rule in evaluating pleadings is not whether the plaintiff would be entitled to relief if the allegations were proven, but whether the plaintiff is entitled to a declaration at all. Dimuccio v. D'Ambra, 750 F.Supp. 495, 499 (M.D. Fla. 1990). The essence of

an action for declaratory relief is "a doubt of the party seeking relief about his rights, status, immunities, powers or privileges." Id. at 498.

## II. ANALYSIS

In the First Amended Complaint, Whitley claims that he is "uncertain as to the rights, obligations and duties" of Fireman's Fund pursuant to §627.4137 with respect to Whitley's request for information. (Doc. #26 at 3.) Because Whitley has alleged that he is in doubt about his rights against Fireman's Fund under §627.4137, he has met his pleading burden to seek declaratory relief, and therefore Fireman Fund's motion to dismiss Count II of the Amended Complaint should be denied.

Count III of the First Amended Complaint likewise survives Fireman Fund's motion to dismiss for failure to state a claim upon which relief can be granted. Fireman's Fund has failed to show that "it appears beyond doubt that [Whitley] can prove no set of facts in support of his claim which would entitle him to relief." 75 Acres, 338 F.3d at 1293. Indeed, if the Court determines that Whitley has rights under §627.4137, he has sufficiently set forth a claim of breach of those rights and would therefore be entitled to relief.

Accordingly, it is now

**ORDERED, ADJUDGED**, and **DECREED**:

Defendant's Motion to Dismiss Count II and Count III of Plaintiff's First Amended Complaint (Doc. #28) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Fort Myers, Florida, this 14th day of June, 2005.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:
All Counsel of record